UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT SERRANO

                                                  PLAINTIFF,            **COMPLAINT**

                -AGAINST-

NEW YORK CITY and POLICE OFFICER JASON      **ECF CASE**
GOODMAN, individually, and in his capacity as a member
of the New York City Police Department,

                                       DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Robert Serrano ("Mr. Serrano") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about March 8, 2015, in which an officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Serrano to false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Serrano, is an 18 year old Hispanic male.

7. Mr. Serrano is a resident of Staten Island and at all times here relevant resided at 1597 Castleton Avenue, Staten Island, NY 10302.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Jason Goodman ("PO Goodman") at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacity.

10. At all times mentioned, defendant was acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. On or about March 8, 2015, Mr. Serrano was employed at Subway restaurant, at the Staten Island Ferry Terminal.

12. At approximately 11:00 pm, Mr. Serrano was standing outside of the Subway restaurant.

13. Mr. Serrano witnessed several police officers struggling to arrest a female.
14. There was a crowd of onlookers next to Mr. Serrano, including some Spanish-speaking onlookers.
15. Mr. Serrano and the surrounding witnesses were asked to move away from the scene by PO Goodman.
16. Mr. Serrano translated PO Goodman's request to the Spanish-speaking onlookers.
17. Mr. Serrano complied with PO Goodman and moved backwards.
18. PO Goodman then pushed Mr. Serrano in the back.
19. Mr. Serrano asked PO Goodman, in sum and substance, why he was pushing him.
20. PO Goodman responded aggressively to Mr. Serrano's question.
21. Mr. Serrano told PO Goodman that he had no right to speak to him in such a manner.
22. PO Goodman responded by violently shoving Mr. Serrano in the chest twice.
23. PO Goodman grabbed Mr. Serrano and forcibly tackled him to the ground.
24. PO Goodman struck Mr. Serrano in the nose and Mr. Serrano's nose began to bleed.
25. PO Goodman pushed Mr. Serrano's face and body against the sidewalk and placed him in handcuffs.
26. Mr. Serrano was taken to the 120th Precinct, where he was processed and placed in a holding cell.
27. PO Goodman took photographs on his personal cell phone of Mr. Serrano's bloodied face.
28. PO Goodman then told Mr. Serrano that Mr. Serrano would be deported.

29. Mr. Serrano's mother, Raquel Serrano, called the precinct and was informed by a police officer that her son would be deported.

30. Mr. Serrano was held overnight and released at approximately 8:00 a.m. the following morning.

31. Mr. Serrano was released on his own recognizance.

32. PO Goodman went to Mr. Serrano's work, Subway, and told the manager that he should fire Mr. Serrano.

33. Mr. Serrano was subsequently fired by Subway.

34. Mr. Serrano continues to feel traumatized by the events of March 2015, and is wary and fearful when he sees police officers.

35. Mr. Serrano takes efforts to avoid police officers when in public.

36. Mr. Serrano suffered physical injuries as a result of this incident, including a bloody nose, swelling, bruising and pain to his face and his legs.

37. Mr. Serrano suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

### FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

38. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

40. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

41. Defendant confined plaintiff.

42. Plaintiff was aware of, and did not consent to, his confinement.

43. The confinement was not privileged.

44. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

60. Plaintiff has been damaged as a result of defendant's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

63. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

64. The malicious prosecution was initiated by the defendant without legal justification and without probable cause, in that defendant caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

65. Plaintiff has been damaged a result of defendant's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

68. Defendant has deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

69. Defendant created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

70. Plaintiff has been damaged a result of defendant's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

71. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

    In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

    And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
     August 18, 2015

             By: _____/S/_____

               Duncan Peterson (DP 7367)
               PetersonDelleCave LLP
               Attorney for Plaintiff
               233 Broadway, Suite 1800
               New York, NY 10279
               212 240-9075